Mr. Justice.Tsotteh
delivered the opinion of the court.
This was an action of assumpsit upon four promissory notes made by the defendants to the plaintiffs as trustees of schools and school lands in a certain township of-land in Wilkinson county. The défendants pleaded the general issue and two special pleas. The special pleas averred in substance-that Woodard & Mayes, two of the defendants, were also plaintiffs in' the suit. The plaintiffs demurred to each of the pleas, but the court overruled both demurrers, and gave judgment for the defendants. The material error assigned is the judgment of the court below upon the demurrers.
That the same person cannot be plaintiff and defendant in the same action is a proposition which must command universal assent, since no man can sue, himself. The operation of.this rule is, however, confined to natural persons, and then it .seems to be equally 'applicable to persons suing in their own right and to those who sue in a fiduciary’ character. This was the ground of the decision in the cases cited- by the counsel for the defendants from 1 Ala. Rep. p. 103, 148. And for the same reason it has been held that an administrator cannot, though a mere trustee, sue himself to recover a debt due from him to Iris intestate. The remedy in such case is suspended "at common law, and varied by our act of assembly. This was incidentally adverted to by the court in the .case of Kelsey v. Smith, 1 Howard, 82. If-the administrator does not return in his inventory a debt due from himself, any party may petition the court of probates and compel him to do so, and if after the return he do not pay it, his official bond may be sued on. This cáse only shows the rule which is every where recognized, that an administrator- cannot be plaintiff and defendant in. the same suit, any more than one who sues in *671 his own right. But it is urged by the counsel for the defendants that the trustees of schools in this state are liable to the operation of this rule just as an administrator or any other trustee; that they are not artificial persons or a body corporate. We think, however, that there is a wide distinction between the two cases. An administrator is a trustee pro hsac vice only. He is clothed with no one of the attributes of a corporation. The trustees of school lands are endowed with many of the functions of a corpotion. They have perpetual succession in respect to the matters of their trust. It is true, they never have been incorporated by a particular name, nor have they been invested with plenary powers. Having been created by the law for particular and specified purposes, and for the accomplishment of such objects been invested with the right of succession, they are corporations sub modo it is true, but yet they are not the less a corporation for the proper purposes of their creation. Our laws afford us many examples of this sort. Thus the loan officers who are created for each county in the state of New York, by an act of the legislature of that state, have been held to be bodies politic and corporate. So the board of supervisors who are authorized to take obligations to them and their successors in office, by having thus the right of succession secured to them, have been classed among corporations. 2 Kent’s Com. 225; 8 J. R. 422; J. Ch. R. 325.
The trustees of schools and school lands, whose appointment is provided for by the statute of this state, are authorized to appoint a treasurer, and to take a bond from him, payable to themselves and their successors in office, to lease the lands reserved in their respective townships for schools, and to take notes or bonds with surety payable in like manner, for the money due for the lease of the same. Being thus endowed with the right of perpetual succession for all the purposes of their creation, they may well be termed quasi corporations, as they have been. Angel and Ames on Corporations, 16. This being the case, they are of course subject to the rules which govern other corporations; they might have sued under the general title of trustees of schools and school lands. And having the power to do so, the rule is not varied because the names of the several persons who composed the board have been stated in the pleadings. If these views be *672 correct, then it follows that the board of trustees have the same capacity to maintain an action at law against one of its members, who has come under obligation to them by a contract authorized by law, that a bank or other proper corporation possesses in like cases. The ground of defence disclosed by the two special pleas, is therefore no legal answer to the action, and the demurrers should have been sustained.
It is not deemed necessary in the present case to go into an examination of the other question which has been submitted in the argument by the counsel for the defendants; whether under the act of congress which reserves the 16th sections of land from sale, and for the use of schools in the townships is a grant, so as to authorize the various acts of the legislature which have from time to time been passed. This power has been, so long recognized and acted on, that we do not feel inclined to question it at this time, even if we entertained any doubts of its existence. Congress itself has been a witness of the course of legislation in this and other states on the subject of these lands, and has never oifered any objection, nor questioned its propriety, and we shall not do so.
The judgment must be reversed, and the cause remanded for further proceedings.